

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Konota Gaskins v. Rick Santorum

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4522

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Konota Gaskins v. Rick Santorum" (2009). *2009 Decisions.* Paper 1333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-162                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4522
_____

KONOTA GASKINS,
a individual and former Member of
Third East Hills Park Inc.,
                                        Appellant

v.

RICK SANTORUM, Former United States Senator; RANDY VULAKOVICH;  OFFICE
OF ATTORNEY GENERAL COMMONWEALTH
OF PENNSYLVANIA WESTERN REGIONAL OFFICE, MANOR COMPLEX; REV.
EUGENE BEARD; US DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; SECRETARY ALPHONSO JACKSON, (HUD); DIANA DECKER-
GRAY; LILLIE WALKER; HANSON DESIGN GROUP, LTD.; HENRY HANSON;
URA; DIRECTOR THOMAS CUMMINGS; JEROME N. DETTORE; COLETTE
O'LEARY; BETSY PUGH; ("TELESIS"); THIRD EAST HILLS LIMITED
PARTNERSHIP; OWNER MARYLAND MELKOWIAN;  PARTNER FRANK WIN;
MARK ABELSON; NEIGHBORHOOD PARTNERS LLC; THE GROUP CT
MANAGEMENT, INC.; FRED KILLIAN; CHERYL MAHALIC-WYNN, acting
Manager for Second East Hills and, Third East Hills Partnership; DORNISH &
SCOLIERI P.C.; DANA J. RICHERSON; EAST HILLS RESTORATION INITIATIVE,
et. al AND; FORMER PRESIDENT: CLAUDIA M. WELLS;  PRESIDENT: MONIQUE
SHORTER; MANCHESTER BIDWELL CORPORATION; BILL STRICKLAND; JIM
REID; MCKEESPORT YMCA; DEXTER HAIRSTON MENTAL HEALTH
SPECIALIST; JUNE ESSER; MENTORING PARTNERSHIP OF SOUTH WESTERN
PA; TIMOTHY G. BAUGHMAN; PENNSYLVANIA GAMING CONTROL BOARD,
RETIRED FBI SPECIAL AGENT IN CHARGE KEN MCCABE; PENNSYLVANIA
HOUSING FINANCE AGENCY; BRENDA WELLS; PENNSYLVANIA NATIONAL
GUARD COUNTERDRUG PROGRAM; STAFF SERGEANT P. JEFFREY
BERGAMASCO; TROOPER ROBIN MUNGO; PITTSBURGH BUREAU OF POLICE
ZONE 5; COMMANDER PHILIP DACEY; OFFICER MICHAEL GAY;
PITTSBURGH GATEWAYS CORPORATION; STEVE RADI; ROBERT MEEDER;
PITTSBURGH SOCCER IN THE COMMUNITY; JAMES MEARA; MARK J.
TAYLOR; PORT AUTHORITY OF ALLEGHENY COUNTY, POLICE

DEPARTMENT; NELSON MITCHELL; CURTIS BOYD; REDEVELOPMENT AUTHORITY OF NEW KENSINGTON; KIMBERLY A. MCAFOOSE; SAFETY KIDS INC.; DIANE L. BROWN; URBAN LEAGUE OF PITTSBURGH; LEE HIPPS; DEBRA TUCKER; ODELL ROBINSO; ALVIN COBBINS; PETRA INTERNATIONAL MINISTRIES, OPERATION NEHEMIAH  AND IMANA STUDENT ACADEMY; ACTION HOUSING INC.; LARRY SWANSON; MELANA MEARS; ALLEGHENY COUNTY DEPARTMENT OF ECONOMIC DEVELOPMENT;  MICHAEL MCMUN; RICHARD A. RANII; ALLEGHENY COUNTY HEALTH DEPARTMENT;  EDWARD SCHWARTZ; ALLEGHENY COUNTY DEPARTMENT OF HUMAN SERVICE; RUTH J. HOWZE; CHILDRENS HOSPITAL; DAYNA JORNSAY HESTER; ALLEGHENY COUNTY HOUSING AUTHORITY POLICE; MICHAEL J. VOGEL; ALLEGHENY COUNTY SHERIFF'S OFFICE; STACEY HAINES; ALLE-KISKI AREA HOPE CENTER; PAT ZIRINGER; CATY DUTKO;  ASPECT CONSULTING/SURE TALK/6 DEGREES CONSULTING; TOM DICKERSON; BOB LAWSON; BLUEROOF TECHNOLOGIES; JOHN G. BERTOTY; BOY AND GIRLS CLUBS OF WESTERN PENNSYLVANIA; BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES; LOUIS J WEIERS; COMMUNITY RESECH CORPORATION; TONY HALLETT; FEDERAL BUREAU OF INVESTIGATION; BILL SHORE; LILLIE LEONARDI; JERUSALEM BAPTIST CHURCH; REVEREND MILLIE JOHNSON; VICTORY SECURITY; CURTIS JONE, JR.; WESTMORELAND COUNTY JUVENILE PROBATION OFFICE; MAJORIE BING STANISLAW; WILKINSBURGH CHAMBER OF COMMERCE; VALERIE TIERNO; WOMEN IN THE HOUSE; LISA SLAYTON; THE, BOARD OF  PUBLIC EDUCATION; RICHARD FELLERS, OPERATION'S MANAGER & SECRETARY; BOARD OF DIRECTORS HEATHER ARNER; MARK BRENTLEY; THERESA COLAIZZI; JEAN FINK; SHERRY HAZUDA; WILLIAM ISLER; FLYOD MCCREA; THOMAS SUMPTER; RANDALL TAYLOR;  SUPERINTENDENT MARK ROOSEVELT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cv-01499)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2009

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

_____

OPINION
_____

PER CURIAM

Konota Gaskins, pro se, appeals from the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief could be granted. The District Court also denied Gaskins' motion for reconsideration. Gaskins filed a timely notice of appeal. We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing the complaint, we determine that Gaskins' appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Gaskins appeared to allege the existence of a massive conspiracy of corruption involving the defendants and a redevelopment project in the East Hills section of Pittsburgh, Pennsylvania. Even construing Gaskins' pro se appeal liberally and in a light favorable to him, we are unable to divine any viable claims or grounds for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Gaskins appears to invoke the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), ethnic intimidation under 18 Pa. Const. Stat. § 2710, and 42 U.S.C. § 1983. However, it is not sufficient "to allege mere elements of a cause of action; instead 'a complaint must allege

facts suggestive of [the proscribed] conduct.'" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 588 n.8 (2007)). Gaskins' complaint contains neither elements of a cause of action nor facts that identify proscribed conduct. Gaskins' motion for the appointment of counsel is denied as moot.